UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THIRD FEDERAL SAVINGS AND LOAN
ASSOCIATION OF CLEVELAND,
    Plaintiff,

vs.

KIMBERLY KHAMISI, et al.,
    Defendants.

Case No. 1:23-cv-126
Barrett, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Defendant Kimberly Khamisi filed a pro se notice of removal of a state court civil action to the United States District Court. (Doc. 1-2). By separate Order, Ms. Khamisi was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of Ms. Khamisi's notice of removal, which the Court construes as a petition for removal of a state court action to this federal court, to determine whether the Court has jurisdiction over this matter. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

The removal petition alleges that Ms. Khamisi is a party-defendant to a state court mortgage foreclosure action initiated in the Hamilton County, Ohio Court of Common Pleas. The attachments to the petition and the docket of the state court[1] reflect that Third Federal Savings and Loan Association of Cleveland filed a complaint in foreclosure against Ms. Khamisi and others on April 27, 2022. It appears the state court granted default judgment for Third Federal Savings and Loan Association of Cleveland and granted a decree in foreclosure on

---

[1] Viewed at:
https://www.courtclerk.org/data/case_summary.php?sec=history&casenumber=A+2201495&court%5BCCV%5D=on&court%5BCCR%5D=on&court%5BMCV%5D=on&court%5BMCR%5D=on&court%5BCDR%5D=on&court%5BCOA%5D=on&submit.x=16&submit.y=11. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

October 19, 2022. Thereafter, Ms. Khamisi sought to vacate the judgment, contending she was never served with notice of the action. On December 8, 2022, the state court denied Ms. Khamisi's motion, finding Ms. Khamisi was properly served and failed to raise grounds to vacate the judgment under Civil Rule 60(B). On January 18, 2023, the state trial court entered a judgment entry confirming the sale of the property and ordering distribution of the sale proceeds.

In the meantime, on December 21, 2022, Ms. Khamisi filed an appeal and/or original action in the First District Ohio Court of Appeals via a document entitled "Original Common Law Action Affidavit Challenging The Hamilton County Common Pleas Court's Subject Matter Jurisdiction, Dismiss Wrongful Foreclosure, Lis Pendens, And Jury Trial." *See Kimberly Khamisi v. Megan Shanahan, et al.*, No. C 2200650 (First District Ohio Court of Appeals). It does not appear that the Ohio Court of Appeals has ruled on the defendants' pending motions to dismiss or Ms. Khamisi's emergency motions to stay foreclosure proceedings.

On March 3, 2023, Ms. Khamisi filed her petition for removal in this federal court.

Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *See Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). The removal statute is to be strictly

construed and where jurisdiction is in doubt, the matter should be remanded to the state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

It appears Ms. Khamisi seeks to remove the state court foreclosure action to this federal court based on the Court's federal question jurisdiction. (Doc. 1-1 at PAGEID 4).

The Court cannot discern a basis for federal question jurisdiction in this matter. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether an action has been properly removed to federal court, the Court must examine the face of the state court plaintiff's well-pleaded complaint. Under the well-pleaded complaint rule, district courts have federal question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). In other words, a case arises under federal law when an issue of federal law appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar*, 482 U.S. at 392; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The plaintiff is the master of the claim and may avoid federal jurisdiction by exclusive reliance on state law. *See Caterpillar*, 482 U.S. at 392. In addition, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in the original) (citing *Franchise Tax Board*, 463 U.S. at 12). *See also Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Metropolitan Life*, 481 U.S. at 63; *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007).

Ms. Khamisi has failed to establish this Court has original federal question jurisdiction over this case. The state court complaint attached to the notice of removal does not show this case arises under the Constitution or laws of the United States. Ms. Khamisi appears to contend that Third Federal Savings and Loan Association of Cleveland violated her rights under the United States Constitution and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, in connection with the state court foreclosure proceeding. (Doc. 1-1 at PAGEID 4). However, even if Ms. Khamisi asserts a federal defense to the state court foreclosure action, the existence of a defense based upon federal law is insufficient to support removal jurisdiction. *Franchise Tax Board*, 463 U.S. at 8-12; *Chase Manhattan Mortgage Corp.*, 507 F.3d at 914-15. Therefore, Ms. Khamisi has failed to meet her burden of showing federal question jurisdiction in this matter.

To the extent Ms. Khamisi may seek to remove the state court action based on the Court's diversity jurisdiction under 28 U.S.C. § 1332, removal is improper. Removal based on diversity of citizenship is proper only where the defendants are not citizens of the forum state. The removal statute provides that a civil action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal. *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007); *Federal National Mortgage Association v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989). Because Ms. Khamisi and all of the named defendants are Ohio citizens, removal on the basis of diversity jurisdiction is barred under § 1441(b).

Accordingly, the Court lacks subject matter jurisdiction over this case.

### IT IS THEREFORE RECOMMENDED:

1. Ms. Khamisi's petition for removal of a state court action to this federal court should be **DENIED.**

2. This matter should be **DISMISSED** from the docket of the Court.

3. This matter should be **REMANDED** to the state court. *See* 28 U.S.C. § 1447(c).

4. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Ms. Khamisi leave to appeal *in forma pauperis*. Ms. Khamisi should be advised that she remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 3/4/2023

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION OF CLEVELAND,<br>    Plaintiff, | Case No. 1:23-cv-126<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| KIMBERLY KHAMISI, et al.,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).