UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Third Federal Savings
and Loan Association of Cleveland,

    Plaintiff,

        v.                                        Case No. 1:23-cv-00126

Kimberly Khamisi, et al.,                Judge Michael R. Barrett

    Defendants.

## OPINION & ORDER

This matter is before the Court on the March 4, 2012 Report and Recommendation ("R&R") in which the Magistrate Judge recommends that the Court deny Defendant Kimberly Khamisi's petition for removal. (Doc. 4). Defendant Khamisi filed timely objections. (Doc. 6).

The Magistrate Judge adequately summarized the factual and procedural background of this case, in state court and this Court, in the R&R. (Doc. 4). The Court will not repeat the same herein unless necessary to respond to Plaintiff's objections.

With respect to non-dispositive matters, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide," and when the Court receives timely objections to an R&R, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). A

factual finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).

"It is the removing party's burden to show that the district court has jurisdiction in a case, and all doubts are resolved in favor of remand." *Preakness Apartments v. Gordon*, No. 3:19-CV-00886, 2020 WL 13517508, at *2 (M.D. Tenn. June 26, 2020) (citing *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404 (6th Cir. 2007)). A district court must remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Starting with federal question jurisdiction, and as the Magistrate Judge explained, "[t]he Court's 'review of whether federal-question jurisdiction exists is governed by the well-pleaded complaint rule, which provides that jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint.'" *Preakness Apartments*, 2020 WL 13517508, at *2 (quoting *Kitzmann v. Local 619-M Graphic Commc'ns Conference of Int'l Bhd. of Teamsters*, 415 F. App'x 714, 716 (6th Cir. 2011)). Here, Plaintiff's Complaint, *i.e.*, the complaint attached to Defendant Khamisi's removal petition, does not invoke federal law and, instead, seeks only foreclosure in light of a default in the payment of a valid note and mortgage. (Doc. 5 PageID 198-201). The face of Plaintiff's Complaint does not support federal-question jurisdiction, as a foreclosure action arises entirely under state law and is not a "civil action[] arising under the Constitution, laws, or

2

treaties of the United States." 28 U.S.C. § 1331. Additionally, and also explained by the Magistrate Judge, to the extent that Defendant Khamisi "seeks to establish federal-question jurisdiction based on citations to federal authority *in the removal petition*," she cannot do so, as "it is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction.'" *Preakness Apartments*, 2020 WL 13517508, at *2 (emphasis added)(quoting *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007)); (Doc. 1-1 PageID 4).

Turning to diversity jurisdiction, and as the Magistrate Judge explained, removal based on diversity jurisdiction in this matter is improper in light of the forum defendant rule, "under which a matter cannot be removed to federal court on diversity grounds if one or more of the defendants is a citizen of the forum state." *Miller v. Standard Ins. Co.*, No. 1:21-CV-136, 2021 WL 5051971, at *2 (S.D. Ohio Nov. 1, 2021)(citing 28 U.S.C. § 1441(b)(2)). Defendant Khamisi is an Ohio citizen (Doc. 1-1 PageID 4) and thus the forum defendant rule bars removal to this Court based on diversity jurisdiction.

In sum, and after a review of the filings and Defendant Khamisi's objections, the Court agrees with the Magistrate Judge that Defendant Khamisi fails to show that this Court has jurisdiction, either federal question or diversity jurisdiction, over this matter and remand is proper, and the Magistrate Judge's factual findings and legal conclusions in the R&R are neither clearly erroneous nor contrary to law. The Court will thus adopt the R&R in full.

Based on the foregoing, the Court **OVERRULES** Defendant Khamisi's objections (Doc. 6) and **ACCEPTS** and **ADOPTS** the R&R (Doc. 4). Accordingly, it is hereby **ORDERED** that Defendant Khamisi's petition for removal (Doc. 1-2) is **DENIED**; this

improperly removed case is **REMANDED** back to the Hamilton County, Ohio Court of Common Pleas; and Defendant Khamisi's motion emergency injunctive relief (Doc. 3) is **DENIED as moot**. Further, the Court **CERTIFIES** that an appeal of this Order would not be taken in good faith and thus **DENIES** Defendant Khamisi leave to appeal in forma pauperis.[1] The Clerk shall enter judgment and, after doing so, **TERMINATE** this matter from the Court's docket.

    **IT IS SO ORDERED.**

                                                        _/s Michael R. Barrett____
                                                        Michael R. Barrett, Judge
                                                        United States District Court

---

[1] She remains free to apply to proceed in forma pauperis in the U.S. Court of Appeals for the Sixth Circuit.